Argued and submitted September 23, 1988, remanded on appeal for entry of judgment;
affirmed on cross-appeal May 10, 1989

### SCHNITZER,
*Appellant - Cross-Respondent,*

*v.*

### STATE FARM LIFE INSURANCE COMPANY,
*Respondent - Cross-Appellant,*

*and*

### ORBANCO REAL ESTATE SERVICES CO.,
fka Columbia Mortgage Co.,
*Respondent - Cross-Appellant.*

(A8610-06494; CA A46767)

773 P2d 387

Mark C. Rutzick, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Preston, Thorgrimson, Ellis & Holman, Portland.

Gary Roberts, Portland, argued the cause and filed the

brief for respondent - cross-appellant State Farm Life Insurance Company. With him on the brief was Grebe, Gross, Peek, Osborne & Dagle, P.C., Portland.

Bennett H. Goldstein, Portland, argued the cause for respondent - cross-appellant Orbanco Real Estate Services Co. With him on the briefs were Kenneth P. Childs and Stoel Rives Boley Jones & Grey, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action seeking a declaration that he is entitled to prepay a promissory note that lacked the statutory notice allegedly required by ORS 82.170, for an injunction enjoining defendants from refusing to accept prepayment, and for damages. After trial, the court reformed the note to conform to the antecedent agreement of the parties, as a result of which the note did not comply with ORS 82.170; the court refused, on equitable grounds, to enforce that statute. Plaintiff appeals, contending that the trial court erred in reforming the note in a manner not requested by defendants and in failing to enforce the provisions of ORS 82.170.

During the early part of 1983, plaintiff, through one of his representatives, approached Columbia Mortgage Co., now Orbanco Real Estate Services Co. (ORESCO), for a loan of $1,250,000 for the purchase of a commercial building. All of the terms of the proposed loan were discussed, including the right to prepay at any time. It was explained to plaintiff that the loan would be assigned to defendant State Farm Life Insurance Co. and that State Farm would not accept the loan unless it was closed to prepayment for 10 years. The proposed interest rate was substantially less than the then going rate. Plaintiff's position was that he never accepted a loan that was closed to prepayment. After extended negotiations, a loan application was prepared and signed by plaintiff in June, 1983. It provided, in part:

> "Prepayment Option: Closed to prepayment for ten years. Prepayable in year eleven, subject to a five percent penalty declining by one-half of one percent every year thereafter."

On August 24, 1983, State Farm wrote to Columbia Mortgage, setting forth the payment provision to be contained in any loan to plaintiff:

> "Prepayment: This loan will be closed for ten years after amortization begins. Thereafter on any regular payment date, all or any part of the balance may be prepaid provided 60 days written notice is given, with a premium charge of five percent in the eleventh loan year, such premium charge declining one-half percent annually."

A week later, plaintiff acknowledged and accepted a loan commitment letter that contained a prepayment provision identical to that contained in State Farm's letter to Columbia

Mortgage Co. and, on September 6, returned the commitment letter, together with his checks for the standby and commitment fees.

Although there were further negotiations over other terms of the loan, particularly the restriction on the transfer of the property to be covered by the mortgage securing the loan, there were no further discussions concerning the prepayment provision. The loan was closed on October 19, 1983. The note, prepared by defendants and signed by plaintiff, provided, in part:

> "Privilege is reserved by the makers to prepay in whole or in part the unpaid principal balance with accrued interest thereon to date of payment, or to prepay on account of principal $1,000.00 or any multiple thereof on any installment date after the first ten (10) loan years, upon giving sixty days written notice to the legal holder hereof of intention to make such prepayment on condition that the maker shall also pay at the time of prepayment and in addition thereto a premium computed on the amount of principal so prepaid of FIVE percent (5%) during the eleventh (11) loan year, declining one-half percent (1/2%) in each loan year thereafter, but in no event shall said premium be less than one percent (1%).
>
> "* * * * *

### "NOTICE TO BORROWER

> "DO NOT SIGN THIS NOTE BEFORE YOU READ IT. THIS NOTE PROVIDES FOR THE PAYMENT OF A PENALTY IF YOU WISH TO REPAY THE LOAN PRIOR TO THE DATE PROVIDED FOR REPAYMENT IN THE NOTE."

ORS 82.160 provides:

> "(1)  If a loan agreement provides for a penalty to be charged for repaying the loan prior to the date provided for repayment in the loan agreement, the loan agreement shall contain in printing or writing of a size equal to at least 10-point bold or underlined type substantially the following notice:

### "NOTICE TO THE BORROWER

> "Do not sign this loan agreement before you read it. This loan agreement provides for the payment of a penalty if you

wish to repay the loan prior to the date provided for repayment in the loan agreement.

---

"(2)   If a loan agreement does not contain a notice as required by subsection (1) of this section, a lender shall not collect from the borrower a penalty for payment of the loan prior to the date provided for repayment."

On September 30, 1986, plaintiff tendered to ORESCO a check for \$1,247,943.65, the amount of principal and interest[1] then owing on the loan. On October 16, 1986, counsel for State Farm returned the check, with a letter stating that the loan was not prepayable at that time. Plaintiff then filed this action.

Plaintiff did not allege that the note, by its terms, allowed prepayment. His theory of the case, as alleged, is that the note prohibits prepayment for 10 years and that defendants may not refuse prepayment, because the note lacked the notice required by ORS 82.170:

"(1)   If a loan agreement authorizes the lender to refuse to accept repayment of the loan prior to the date provided for repayment in the loan agreement, the loan agreement shall contain in printing or writing of a size equal to at least 10-point bold or underlined type substantially the following notice:

---

"NOTICE TO THE BORROWER

"Do not sign this loan agreement before you read it. This loan agreement authorizes the lender to refuse to accept repayment of the loan prior to the date provided for repayment in the loan agreement.

---

"(2)   If a loan agreement does not contain a notice as required by subsection (1) of this section, a lender shall not refuse to accept repayment of the loan by the borrower prior to the date provided for repayment."

Defendants, among other things, sought reformation of the note to change the notice to conform to ORS 82.170, rather than ORS 82.160, maintaining that the note, by its terms,

---

[1] No prepayment penalty was tendered.

prohibited prepayment for 10 years; it did not seek reformation of the prepayment provision.

The trial court concluded that the note does permit prepayment, albeit not for 10 years. We agree, although it is somewhat ambiguous.[2] To the extent that the note is ambiguous, we perceive no reason to reform it, because it is susceptible to the interpretation that conforms to the parties' agreement arrived at after extended negotiations that are well documented by plaintiff's loan application, the commitment and the letter from State Farm. Because there is absolutely no doubt as to the prepayment provision agreed upon, we interpret the provision in the note to conform to that agreement: The note may not be prepaid for 10 years.

■ Nevertheless, plaintiff contends that the notice provision is inadequate, because it only refers to a prepayment penalty. Because the note does provide for a prepayment penalty, the notice is accurate as far as it goes and complies with ORS 82.160. Plaintiff argues that the note fails to comply with the notice required by ORS 82.170. That statute applies only to loan agreements that permit the lender to refuse to accept repayment "prior to the date provided for repayment in the loan agreement." Presumably, the statute refers to repayment before the due date. Plaintiff's note is due November 1, 1998, and it may be repaid before that date, although there are restrictions on its being paid and penalties for doing so. Accordingly, the notice required by ORS 82.170 would not accurately reflect the limitations on prepayment.

There is no statutory requirement that a tailor-made notice provision be drafted and included in a loan agreement. Both statutes are specific as to the notice required in the circumstance to which each relates. As between the two statutory notice provisions, the one required by ORS 82.160 more accurately reflects the prepayment provision in plaintiff's note, although it does not contain all of the restrictions on prepayment. We hold that that notice substantially complied with the statutory requirements under all of the circumstances of this case.

---

[2] Although the trial court concluded as we have indicated, it also stated that, if the note were not reformed, "it would, by its very terms, remain prepayable at the option of the makers for 10 years." The note is susceptible to that interpretation, as well.

■ Defendants cross-appeal, assigning error to the trial court's refusal to award them attorney fees. They rely on the provision in the note drafted by them, which provides:

> "If suit or action is instituted to recover any sum due on this Note, the undersigned promises to pay such additional sums as both the Trial Court and the Appellate Court may adjudge reasonable as attorney's fees in said suit or action as well as all additional costs incurred."

This action was not instituted by the lender to recover a sum due on the note. It was an action by the debtor in which the debtor sought permission to pay sums not yet due. The trial court did not err in denying attorney fees to defendants.

On appeal, remanded for entry of judgment not inconsistent with this opinion; on cross-appeal, affirmed.